James M. Green (AZ Bar # 032211)
Quarracy L. Smith (AZ Bar # 032515)
**SMITH & GREEN**
Attorneys at Law, P.L.L.C.
3101 North Central Avenue
Suite 690
Phoenix, Arizona 85012-2658
Telephone: (602) 812-4600
Fascimile: (888) 913-2345
Email: jgreen@smithgreenlaw.com
Email: qsmith@smithgreenlaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Schumann, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| Coconino County Sheriff's Office, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action for violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA") against Defendant Coconino County Sheriff's Office.

## JURISDICTION, PARTIES, AND VENUE

1. This case is brought under 42 U.S.C. § 12101, *et seq*.; therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Plaintiff Richard Schumann ("Plaintiff" or "Schumann") resided in Maricopa County, Arizona.

3. Defendant Coconino County Sheriff's Office ("Defendant") is a municipal corporation formed under the laws of the State of Arizona.

4. Defendant, at all times material hereto, employed at least 15 employees.

5. All conditions precedent to jurisdiction under 42 U.S.C. § 12101, *et seq.* have been met. Plaintiff, Richard Schumann, timely filed a charge of employment discrimination that alleged violations of the ADA with the U.S. Equal Employment Opportunity Commission ("EEOC"), identified by EEOC Charge No. 540-2019-04245. A copy of the charge of discrimination is attached as **Exhibit 1** and incorporated by reference herein. Plaintiff submitted his EEOC charge within the statutory time limits and, upon request, received a notice of right to sue from EEOC on or about September 17, 2020. A copy of the notice of right to sue letter is attached as **Exhibit 2** and incorporated by reference herein. This action has been commenced within ninety (90) days of Plaintiff's receipt of the notice of right to sue.

6. The named Defendant, by virtue of its own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Coconino County Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

8.  Sometime in 2015, Plaintiff tore his anterior cruciate ligament ("ACL") on his right knee and required reconstructive surgery.

9.  Due to the surgery, Plaintiff's health care provider restricted him from running for approximately three (3) years while he fully recovered.

10. Sometime in late 2017 or early 2018, Plaintiff submitted an application for a deputy position with the Defendant.

11. After learning Defendant's hiring requirements, Plaintiff informed Defendant he could not do a physical fitness test for at least one (1) year because he was still recovering from his right knee injury.

12. Approximately one (1) year later, Plaintiff re-applied for a deputy position with Defendant.

13. After sending a second application package, Plaintiff passed the physical fitness test and received a conditional offer of employment.

14. On or about December 17, 2018, Defendant hired Plaintiff as a Deputy Sheriff Recruit.

15. On January 7, 2019, Plaintiff began training at the Northern Arizona Regional Training Academy (the "Academy").

16. While training at the Academy in February 2019, Plaintiff experienced pain in his reconstructed knee while doing air squats.

17. As a result of the pain in his knee, Plaintiff went to urgent care, where he was given injections to help alleviate the pain in his knee.

18. On or about February 27, 2019, Plaintiff completed a Supervisor Report of Injury and was placed on light duty because of pain in his right knee.

19. On March 6, 2019, a physician assistant at urgent care released Plaintiff to full duty without restrictions.

20. Plaintiff continued physical training thereafter and never missed any physical training.

21. During physical training, Plaintiff's drill sergeant recommended Plaintiff return to light duty because Plaintiff experienced some soreness in his right knee.

22. On April 1, 2019, Plaintiff went back to urgent care for a follow-up examination. The physician assistant again placed Plaintiff on light duty as a precautionary measure and referred Plaintiff for physical therapy.

23. On April 15, 2019, plaintiff was scheduled for his first day of physical therapy.

24. On April 15, 2019, Plaintiff was involuntarily discharged. The termination letter claims Plaintiff was discharged due to his "inability to complete the physical portion of the training academy . . . . " A copy of the termination letter is attached as **Exhibit 3** and incorporated herein by reference.

25. Despite Defendant's termination letter, Plaintiff was still fully capable of performing all physical aspects of the training and was fully capable of performing the essential functions of the position.

## **FIRST CLAIM FOR RELIEF**

**[Denial of Reasonable Accommodation Requests in Violation of the ADA]**

26. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

27. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA by terminating Plaintiff without providing reasonable accommodation.

28. Before hiring Plaintiff, Defendant was aware of Plaintiff's knee condition and that he could not do a physical fitness test for a year.

29. When Plaintiff experienced knee pain during training, Defendant and its agents were aware Plaintiff had previously had knee surgery and even recommended Plaintiff go to urgent care.

30. Defendant was aware Plaintiff could complete the essential functions of his position and simply needed accommodations, such as temporary light duty and physical therapy, in order to perform the essential functions of the position.

31. Defendant failed to accommodate Plaintiff and terminated Plaintiff's employment on April 15, 2019.

32. Accommodating Plaintiff's knee issues during physical training would not result in any costs or financial burden on the employer; therefore, it could not have created an undue hardship on the Defendant.

33. Accordingly, Plaintiff was unlawfully denied a reasonable accommodation in violation of the ADA.

**SECOND CLAIM FOR RELIEF**

**[Involuntary Termination Due to a Disability in Violation of the ADA]**

34. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

35. On April 15, 2019, when Plaintiff sought treatment for his knee and was advised to complete physical therapy, Defendant terminated Plaintiff.

36. Upon information and belief, Defendant's agents, who were aware of Plaintiff's knee condition, was involved in terminating Plaintiff.

37. Accordingly, Plaintiff was discriminated against and discharged on the basis of his disability or perceived disability in violation of the ADA.

## PRAYER FOR RELIEF

A. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including job search expenses and backpay in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

C. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless indifferent conduct described herein, in amounts to be determined at trial.

D. Grant such further relief as this Court deems necessary and proper in the public interest.

E. Grant an award of attorney fees and costs that may be permitted under the

law.

**<u>JURY TRIAL DEMANDED</u>**

The Plaintiff respectfully requests a jury trial on all questions of fact raised in this Complaint.

RESPECTFULLY SUBMITTED this 14th day of December 2020.

                                     SMITH & GREEN
                                     Attorneys at Law, P.L.L.C.

                                     _s/ James M. Green_
                                     James M. Green
                                     Attorney for Plaintiff